**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SUNG CHO, NAGLE WASHRITE LLC,
DAVID DIAZ, and JAMEELAH
EL-SHABAZZ, on behalf of themselves and
all others similarly situated,

    *Plaintiffs*,

v.

CITY OF NEW YORK, BILL DE BLASIO,
in his official capacity as Mayor of the City
of New York, NEW YORK CITY POLICE
DEPARTMENT, JAMES P. O'NEILL,
in his official capacity as New York City
Police Commissioner, NEW YORK CITY
LAW DEPARTMENT, and ZACHARY W.
CARTER, in his official capacity as Corporation
Counsel of the City of New York,

    *Defendants*.

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __10/2/2020__

Civil Action No. 16-cv-7961 (ALC)

STIPULATION AND ORDER OF
SETTLEMENT

      Plaintiffs Sung Cho, Nagle Washrite LLC, David Diaz, and Jameelah El-Shabazz (collectively, "Plaintiffs") and Defendants City of New York; Bill De Blasio, in his official capacity as Mayor of the City of New York; New York City Police Department; Dermot F. Shea, in his official capacity as New York City Police Commissioner; New York City Law Department; and James E. Johnson, in his official capacity as Corporation Counsel of the City of New York (collectively, "Defendants") respectfully submit this Stipulation and Order of Settlement to the Court for entry and approval.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Dermot F. Shea and Corporation Counsel James E. Johnson are automatically substituted as parties for former New York City Police Commissioner James P. O'Neill and former Corporation Counsel Zachary W. Carter, respectively.

## RECITALS

WHEREAS, on October 12, 2016, Plaintiffs Sung Cho, Nagle Washrite LLC, David Diaz, and Jameelah El-Shabazz, commenced this putative class action challenging the constitutionality of the City of New York's Nuisance Abatement Law, N.Y.C. Admin. Code §§ 7-701, *et seq.*, and certain alleged policies and practices related to the Nuisance Abatement Law; and

WHEREAS, the claims in the Complaint concern stipulations of settlement Plaintiffs entered into with the City of New York pursuant to Title VII of the New York City Administrative Code, following alleged public nuisances at premises where the Plaintiffs lived or worked; and

WHEREAS, the Plaintiffs alleged that the City of New York had a practice of sealing property using *ex parte* hearings and enforcing the Nuisance Abatement Law against people and businesses allegedly innocent of any wrongdoing; and

WHEREAS, the Plaintiffs also alleged that the City of New York had a practice of conditioning stipulations of settlement in Nuisance Abatement Actions on the defendants in those actions waiving constitutional rights, including (a) the right to be free from warrantless searches; (b) the right to live with family members; and (c) the right to judicial oversight before imposition of future sanctions; and

WHEREAS, the Plaintiffs sought relief for themselves and for several putative classes; and

WHEREAS, Plaintiffs did not move for certification of a class pursuant to Fed. R. Civ. Proc. 23; and

WHEREAS, Defendants have denied any and all liability arising out of Plaintiffs' allegations; and

WHEREAS, effective May 17, 2017, the City of New York amended the Nuisance Abatement Law pursuant to the Nuisance Abatement Fairness Act, N.Y.C. Admin. Code §§ 7-701, *et seq.*; and

WHEREAS, the City of New York's May 2017 amendments have no effect on stipulations of settlement executed in Nuisance Abatement Actions before May 17, 2017; and

WHEREAS, the Parties now desire to resolve the issues raised in this litigation (with the exception of Plaintiffs' attorneys' fees and costs), without further proceedings and without admitting any fault or liability, and have agreed that it is reasonable and necessary to enter into this Stipulation and Order of Settlement;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, and ORDERED that this action is settled on the following terms and conditions:

I.    **DEFINITIONS**

1.     Whenever the terms set forth below are used in this Stipulation and Order of Settlement, the following definitions shall apply:

a.     "Cho Agreement" means the stipulation of settlement between the City and Plaintiff Sung Cho in *The City of New York v. 228 Nagle Realty LLC et al.*, Index No. 452244/2013 (N.Y. Sup. Ct., N.Y. Cty.). A copy of the Cho Agreement was filed in this action as docket number 47-8.

b.     "Diaz Agreement" means the stipulation of settlement between the City and Plaintiff David Diaz in *The City of New York v. Twins Park Southeast Houses, Inc. et al.*, Index No. 251187/13 (N.Y. Sup. Ct., Bronx Cty.). A

copy of the Diaz Agreement was filed in this action as docket number 47-6.

    c.    "El-Shabazz Agreement" means the stipulation of settlement between the City and Plaintiff Jameelah El-Shabazz in *The City of New York v. Kelly Mgt. LLC, et al.*, Index No. 251484/11 (N.Y. Sup. Ct., Bronx Cty.). A copy of the El-Shabazz Agreement was filed in this action as docket number 47-3.

    d.    "Nuisance Abatement Action" means a proceeding filed under New York City's Nuisance Abatement Law, N.Y.C. Admin. Code §§ 7-701, *et seq.*

    e.    "Parties" means the Plaintiffs and the Defendants in *Cho, et al. v. City of New York, et al.*, Civil Action No. 16-cv-7961 (ALC) (S.D.N.Y.).

    f.    "Stipulation of Settlement" means a stipulation of settlement entered in a Nuisance Abatement Action and executed before May 17, 2017.

## II.    SYSTEMIC RELIEF

2.    The City of New York, the New York City Police Department, and all Defendants shall not enforce or seek to enforce the terms of any Stipulation of Settlement. The City of New York, the New York City Police Department, and all Defendants also shall not re-open or seek to re-open any Nuisance Abatement Action giving rise to a Stipulation of Settlement. This Stipulation and Order of Settlement shall not apply to any Stipulation of Settlement executed in a Nuisance Abatement Action on or after May 17, 2017.

3.    The Parties agree that the Cho Agreement, El-Shabazz Agreement, and Diaz Agreement were executed before May 17, 2017 and therefore Defendants will not enforce the Cho Agreement, the El-Shabazz Agreement, or the Diaz Agreement.

4.      Paragraph "2" of this Stipulation and Order of Settlement is intended to and does grant relief to all persons and entities subject to Stipulations of Settlement, including persons and entities not parties to this case, and such persons and entities may enforce Paragraph "2" pursuant to Federal Rule of Civil Procedure 71.

### III.      RELEASE OF CLAIMS AGAINST DEFENDANTS

5.      The City of New York hereby agrees to pay Plaintiffs Sung Cho, David Diaz, and Jameelah El-Shabazz each the sum of $10.00.

6.      Plaintiffs shall be responsible for the payment of any federal, state and/or local taxes on the amounts specified in paragraph "5" of this Stipulation.

7.      As consideration for the payment of the amounts set forth in paragraph "5" above as well as the Systemic Relief set forth in Section II and Notice obligations set forth in Section IV of this Stipulation and Order of Settlement, and in full satisfaction of all claims in this action of any type (except Plaintiffs' attorneys' fees and costs), Plaintiffs Sung Cho, Nagle Washrite LLC, David Diaz, and Jameelah El-Shabazz, individually and collectively, agree to dismissal with prejudice of all claims against Defendants and their successors or assigns, and to release and discharge all Defendants, their successors and assigns, and all past and present officials, employees, departments, agencies, representatives, directors, and agents of the City of New York, the New York City Police Department, and the New York City Law Department from any and all liability, claims, and/or rights of action arising from or relating to any claims that Plaintiffs have asserted, or could have asserted, arising out of the events alleged in the Complaint in this action (with the exception of Plaintiffs' right to attorneys' fees and costs). Nothing in this paragraph shall prevent Plaintiffs from enforcing this Stipulation and Order of Settlement.

Nothing in this paragraph shall release Defendants from liability for Plaintiffs' attorneys' fees and costs in this action.

8.      Plaintiffs shall each execute and deliver to Defendants' counsel all documents necessary to effectuate this settlement, including a separate release based on the terms of paragraph "7" above, and shall each complete and deliver to Defendants' counsel a substitute W-9 form.

9.      The obligations set forth in paragraph "5" above are subject to and conditioned on Plaintiffs' delivery of the documents described in paragraph "8" above to Defendants' counsel.

10.      Nothing contained herein shall be deemed to be an admission by any of the Defendants, or any of their successors or assigns, or their officers, employees, representatives, or agents, that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, the City of New York, or any other rules, regulations or bylaws of any department, agency or subdivision of the City of New York, including but not limited to the New York City Police Department.

11.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, New York City Police Department, the New York City Law Department, or any other agency.

**IV. <u>NOTICE</u>**

12.     Within 180 days after this Stipulation and Order of Settlement is entered as an order of the Court, the City of New York shall serve a notice of this Stipulation and Order of Settlement in accordance with the following provisions:

a.     **New York Supreme Courts.** The City of New York shall send by first-class U.S. mail a copy of this Stipulation and Order of Settlement and a copy of the notice attached hereto as Exhibit 1 to the Deputy Chief Administrative Judge for New York City Courts and to the Administrative Judges of the Supreme Courts for the following counties: New York County (1st Judicial District), Kings County (2nd Judicial District), Bronx County (12th Judicial District), Richmond County (13th Judicial District), and Queens County (11th Judicial District). The City may engage the services of a third-party vendor to provide this notice.  This shall not place any additional duties or obligations on the New York City Police Department, the New York City Law Department, or the City of New York to make or provide any further representations or notices to the courts upon the filing of nuisance abatement actions.

b.     **Civil Enforcement Unit.** The City shall send by e-mail a copy of this Stipulation and Order of Settlement and a copy of the notice attached hereto as Exhibit 2 to the New York City Police Department's Civil Enforcement Unit.

c.     **Subject Premises.** The City shall send by first-class U.S. mail a copy of the notice attached hereto as Exhibit 3 to each property that was the

subject of a Nuisance Abatement Action resolved by a Stipulation of Settlement executed on or after January 1, 2014 and through May 16, 2017. It shall be sufficient under this provision for the City to mail the notice to the property address listed in the case caption for each such Nuisance Abatement Action, in accordance with records maintained by the Civil Enforcement Unit of the New York City Police Department. The City may engage the services of a third-party vendor to provide this notice.

13.     Within 30 days after serving all the notices described in paragraph "12" above, the City of New York shall file with the Court a certification of having completed service of the notices.

### V.   ATTORNEYS' FEES AND COSTS

14.     Defendants agree that Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

15.     The issue of the amount of Plaintiffs' attorneys' fees and costs is reserved for later determination upon application to the Court.

16.     Within seven days after this Stipulation and Order of Settlement is entered as an order of the Court, Plaintiffs' counsel shall forward their time sheets and statements of costs incurred in this action to Defendants' counsel.

17.     The Parties shall negotiate in good faith Plaintiffs' entitlement to reasonable attorneys' fees and costs for all work done in this action through submission of this Stipulation and Order of Settlement.

18.     If the Parties cannot reach an agreement on attorneys' fees and costs, Plaintiffs may file a motion for attorneys' fees and costs within 90 days after this Stipulation and Order of Settlement is entered as an order of the Court (which deadline may be extended by further order of the Court). In response to such a motion, Defendants shall be permitted to oppose only the amount of the award of attorneys' fees and costs and shall not be permitted to oppose Plaintiffs' entitlement to such attorneys' fees and costs under 42 U.S.C. § 1988.

**VI.  ENFORCEMENT**

19.     If the Plaintiffs reasonably believe that the City is not in compliance with the terms of this Stipulation and Order of Settlement, the Plaintiffs' counsel shall, by written notice, notify Defendants' counsel of the nature and specifics of the alleged failure to comply, along with any supporting documents or data.

20.     Thereafter, the Plaintiffs' counsel shall promptly arrange a meeting, or meetings, with Defendants' counsel, on a mutually agreeable date and time, and by a mutually agreeable manner.

21.     In the event that the Parties cannot come to an agreement that resolves the claimed violation(s) within thirty days following the Parties' counsel's last meeting, either Party may make a motion to this Court to enforce or seek relief from a provision of the Stipulation and Order of Settlement in order to resolve the dispute. This Court may award the Plaintiffs' counsel their reasonable attorneys' fees and costs if they substantially prevail on such a motion.  Nothing in this section shall be construed as in any way limiting Defendants' right to oppose a request for fees, in whole or in part.

22.     In the event of a motion by Plaintiffs for contempt based on Defendants' alleged non-compliance with this Stipulation and Order of Settlement, Defendants shall be deemed to be

in compliance unless Plaintiffs establish that Defendants' failures or omissions were systemic, which means that the failures or omissions were sufficiently significant or recurring and not *de minimis* or isolated. "Systemic" failure or omission shall not be defined by failures or omissions in any specific percentage or numbers of cases. This paragraph shall not apply to any relief other than contempt that Plaintiffs may seek based on Defendants' alleged non-compliance with this Stipulation and Order of Settlement.

## VII.   JURISDICTION OF THE COURT

23.     This Court shall retain jurisdiction over this matter and over this Stipulation and Order of Settlement for all purposes and may issue such orders as may be necessary or appropriate to enforce this Stipulation and Order of Settlement. This Court shall also retain jurisdiction to decide any motion for attorneys' fees and costs Plaintiffs may file.

## VIII.   OTHER PROVISIONS OF THE SETTLEMENT

24.     Except as necessary for enforcement of the provisions contained herein, this Stipulation and Order of Settlement shall not be admissible in any other litigation or settlement negotiations as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of the Defendants.

25.     The terms and provisions of this Stipulation and Order of Settlement shall not be used in this action in the event that this Stipulation and Order of Settlement is not approved by the Court or does not become final for any reason. This Stipulation and Order of Settlement shall take effect only upon the Court's approval and entry of the Stipulation and Order of Settlement. Upon the Court's approval and entry of this Stipulation and Order of Settlement, the above-captioned lawsuit shall be dismissed with prejudice.

26.     The undersigned represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation and Order of Settlement on behalf of their respective clients.

27.     This Stipulation and Order of Settlement contains the entire agreement between the Parties and supersedes any prior agreements or understandings between them. The terms of this Stipulation and Order of Settlement are and shall be binding upon, and shall inure to the benefit of, each of the Parties, including their respective agents, attorneys, employees, successors, and assigns, and upon all other persons claiming any interest in the subject matter hereto through any of the Parties hereto.

28.     This Stipulation and Order of Settlement may be modified only by a written instrument signed by or on behalf of all the Parties or their successors-in-interest and approved by the Court.

29.     No oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Settlement regarding the subject matter of this proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

30.     None of the Parties to this Stipulation and Order of Settlement shall be considered to be the drafter of this Stipulation and Order of Settlement or any provision for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter, and this Stipulation and Order of Settlement shall be deemed a common effort of the Parties.

31.     If the City is unable to meet its Notice obligations set forth in Section IV of this Stipulation and Order of Settlement due to a "Force Majeure Event," the time for the City to

perform its obligations under this Stipulation and Order of Settlement shall be extended

accordingly. A Force Majeure Event includes but is not limited to flood, earthquake, fire, acts of

God, riots, wars, terrorist incidents, epidemics, pandemics, government orders or mandates, or

any other event that is unforeseeable. If the City wishes to invoke this paragraph, it shall move

the Court for an extension of time for the City to perform its obligations.

Dated: September 25, 2020

Respectfully submitted,

 s/ Lana Koroleva
Lana Koroleva
Assistant Corporation Counsel
NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, NY  10007
Tel.: (212) 356-4377
E-mail: lkorolev@law.nyc.gov

*Attorney for Defendants City of New York,
Bill De Blasio, New York City Police
Department, Dermot F. Shea, New York City
Law Department, and James E. Johnson*

SO ORDERED:

_____
Hon. Andrew L. Carter, Jr.
United States District Judge

Date: _____

S/ Samuel B. Gedge
Samuel B. Gedge*
Milad Emam*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA  22203
Tel:  (703) 682-9320
Fax: (703) 682-9321
E-mail: sgedge@ij.org

Ana-Claudia Roderick (ACR 9367)
KILPATRICK TOWNSEND &
STOCKTON LLP
1114 Avenue of the Americas
New York, NY  10036-7703
Tel: (212) 775-8700
Fax: (212) 775-8800
Email: aroderick@kilpatricktownsend.com

* Admitted pro hac vice

*Attorneys for Plaintiffs Jameelah El-
Shabazz, David Diaz, Sung Cho, Nagle
Washrite LLC, and the Plaintiff Classes*

**EXHIBIT 1**

To:       [[Deputy Chief Administrative Judges; Administrative Judges]]

From:   Office of Corporation Counsel

Date:   [[]]

Re:       Stipulation and Order of Settlement in *Cho, et al. v. City of New York, et al.*, Civil Action No. 1:16-cv-07961 (ALC) (S.D.N.Y.)

_____

In accordance with the Stipulation and Order of Settlement in *Cho v. City of New York*, 16-cv-07961 (S.D.N.Y.), the Office of the Corporation Counsel provides this notice to the Deputy Chief Administrative Judge for New York City Courts and to the Administrative Judges of the Supreme Courts for the following counties: New York County (1st Judicial District), Kings County (2nd Judicial District), Bronx County (12th Judicial District), Richmond County (13th Judicial District), and Queens County (11th Judicial District).

In the *Cho* case, individual plaintiffs brought claims challenging stipulations of settlement entered into with the City of New York (the "City") pursuant to Title VII of the New York City Administrative Code, §§ 7-701, *et seq.*

On [[]], 2020, the federal court in *Cho* entered a Stipulation and Order of Settlement pursuant to which the City agreed not to enforce stipulations of settlement that were entered in nuisance-abatement actions before May 17, 2017. Specifically, the City will no longer enforce the following provisions in such stipulations of settlement executed before that date:

a.       Provisions of the stipulation of settlement consenting to warrantless searches;

b.       Provisions of the stipulation of settlement consenting to imposition of penalties without judicial oversight; and

c.       Provisions in the stipulation of settlement excluding immediate family members (spouses, children, stepchildren, parents, stepparents, siblings, or half-siblings) from properties.

Nothing in the Stipulation and Order of Settlement shall require the City of New York, upon the filing of a  nuisance abatement action, to make any additional representations or provide any additional notices to the court.

For your reference a copy of the Stipulation and Order of Settlement is enclosed with this notice.

**EXHIBIT 2**

To:     New York City Police Department, Civil Enforcement Unit

From:   Office of Corporation Counsel

Date:   [[]]

Re:     Settlement in *Cho, et al. v. City of New York, et al.*, Civil Action No. 1:16-cv-07961
        (ALC) (S.D.N.Y.)

---

You are receiving this notice in accordance with a Stipulation and Order of Settlement entered into by the parties in *Cho v. City of New York,* 16-cv-07961 (S.D.N.Y.), in which individual plaintiffs brought claims challenging stipulations of settlement entered into with the City of New York (the "City") pursuant to Title VII of the New York City Administrative Code, §§ 7-701, *et seq.*

On [[]], 2020, the federal court in *Cho* entered a Stipulation and Order of Settlement pursuant to which the City agreed not to enforce stipulations of settlement that were entered in nuisance-abatement actions before May 17, 2017. Specifically, the City will no longer enforce the following provisions in such stipulations of settlement executed before that date:

    a.    Provisions of the stipulation of settlement consenting to warrantless searches;

    b.    Provisions of the stipulation of settlement consenting to imposition of penalties without judicial oversight; and

    c.    Provisions in the stipulation of settlement excluding immediate family members (spouses, children, stepchildren, parents, stepparents, siblings, or half-siblings) from properties.

For your reference a copy of the Stipulation and Order of Settlement is enclosed with this notice.

**EXHIBIT 3**

**\*THIS NOTICE REQUIRES NO ACTION ON YOUR PART\***

**Notice Regarding *Cho, et al. v. City of New York, et al.***
**Civil Action No. 16-cv-7961 (ALC) (S.D.N.Y.)**

You are receiving this notice in accordance with a Stipulation and Order of Settlement (the "Settlement") entered into by the parties in *Cho, et al. v. City of New York, et al*., and which is being sent to you because your property may have been the subject of a nuisance-abatement action brought by the City of New York ("City") under Title VII of the New York City Administrative Code, §§ 7-701, *et seq*. **This notice requires no action on your part.**

In the *Cho* case, individual plaintiffs brought claims challenging stipulations of settlement entered into with the City in nuisance-abatement actions. On [[]], 2020, the federal court entered the Settlement, pursuant to which the City agreed not to enforce stipulations of settlement that were entered in nuisance-abatement actions before May 17, 2017.

Based on the City's records, it appears that your property may have been the subject of a nuisance-abatement action that was resolved by a stipulation of settlement executed before May 17, 2017. In accordance with the Settlement, this notice serves to alert you that the City will **not** enforce against you any of the following provisions that may have been included in your stipulation of settlement in nuisance-abatement actions before May 17, 2017 with the City:

　　　a.　　　Provisions of the stipulation of settlement consenting to warrantless searches;

　　　b.　　　Provisions of the stipulation of settlement consenting to imposition of penalties without judicial oversight; and

　　　c.　　　Provisions in the stipulation of settlement excluding immediate family members (spouses, children, stepchildren, parents, stepparents, siblings, or half-siblings) from properties.

Nothing in the Settlement shall exempt you from prosecution for subsequent criminal activity or the commencement of an additional nuisance abatement action if the property so qualifies under the law.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2020